UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELL CARE PHARMACY II, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>W'CARE LLC; JOHN I. OKOYE; and<br>AHUNNA C. OKOYE,<br><br>　　　　Defendants. | Case No. 2:13-cv-00540-GMN-(NJK)<br><br>STIPULATED PROTECTIVE ORDER<br><br>As amended, pages 4-5 |

　　　　WHEREAS, in the course of this litigation disclosure may be sought of information that a party regards as proprietary, confidential or requiring special protection under Rule 26(c) of the Federal Rules of Civil Procedure ("confidential information"); and

　　　　WHEREAS, the parties hereto desire to establish a mechanism governing access to and use of such confidential information in this action. Accordingly,

　　　　IT IS HEREBY STIPULATED by and between the parties that the following Protective Order shall govern the designation, access to and use of confidential information produced in this action.

　　　　IT IS HEREBY ORDERED that:

　　　　1.　　This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it ("producing party") as "Confidential."

(hereinafter, "Designated Information"). Information may only be designated "Confidential" by parties to this Order.

2. "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript or other material containing such information or containing any information subject to a legally protected right of privacy. All "Confidential" designations must be based on a good faith and reasonable belief that the material so designated meets this definition. The following categories of documents and information requested during discovery in this proceeding provide examples of what may constitute "confidential" information:

- Material that is appropriately protected under Fed. R. Civ. P. 26(c)(1)(G);
- Contracts and other written agreements that contain confidentiality provisions;
- Information, data, or material which has been entrusted by persons not parties to this litigation to repository entities upon a promise or legitimate expectation of privacy—*i.e.*, a legitimate expectation that the information would be treated confidentially and respectfully and not generally disclosed to others who have no legitimate need for the information; and
- Financial records, including tax information.

3. This Order does not in and of itself create any privileges or right to non-disclosure should this Court determine materials are not protected. Nor does it change the fact that the burden of proving that information should be protected from disclosure belongs to the party asserting that a document should remain out of the public eye. Further, this Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or that is public knowledge. The restrictions contained in this Order shall also not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made ("receiving party") in violation of this Order, or that is legitimately acquired from a source not subject to this Order. The parties also may not designate anything as "Confidential" if it is considered a public record or public information under NRS 239.005 *et seq.*, unless that information falls within an express exception of those statutes.

4. If a document or transcript contains information considered "Confidential" by a Party, such document or transcript shall be marked with the legend "CONFIDENTIAL." Such notation shall be placed on every page of each document so designated.

5. Information disclosed at a deposition or other testimony may be designated by a party to this Order as "Confidential" at the time of the testimony or deposition, or within thirty (30) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" by notifying the other party, in writing, within thirty (30) days after receipt of the transcript, of the specific pages and line numbers of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential" for a period of ten (10) days after their receipt.

6. All Designated Information shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever, absent further Order of this Court. Further, such information may not be disclosed to anyone except as provided in this Order. Designated Information shall not become part of the public part of this case absent further Order of this Court.

7. As used in this Protective Order, "Trial Counsel" refers exclusively to the attorneys, paralegals, agents and support staff of the attorneys to be used only as needed to aid in this litigation.

8. Material designated as "Confidential" that has been obtained during the course of this proceeding may be disclosed or made available only to the Court (filed under seal), to Trial Counsel for any party, and to the persons designated below, subject to the provisions of Paragraphs 9, 10 and 11 of this Order:

    (a) an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

    (b) independent experts or consultants (together with their clerical staff) retained by Trial Counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporters employed in this action;

      (d)    agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

      (e)    witnesses in any deposition or other proceeding of this action; and

      (f)    any other persons as to whom the parties in writing agree.

9. Any officer, director or designated employee of any party under Paragraph 8(a), or independent experts or consultants (together with their clerical staff) identified under Paragraph 8(b) having access to Designated Information shall be given a copy of this Order before being shown such Designated Information, and its provisions shall be explained to them by an attorney. Each person, before having access to the Designated Information, shall agree not to disclose to anyone any Designated Information not exempted by this Order, to not make use of any such Designated Information other than solely for purpose of this litigation, and shall execute the document attached hereto as Exhibit A.

10. The filing with the Court of Designated Information shall comply with the Local Rules and the order issued concurrently herewith.

12. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or producing party of any information as "Confidential," the parties shall first try to resolve such disagreement in good faith on an informal basis, such as by production of redacted copies. If the disagreement cannot be resolved on an informal basis, either party may file a motion with the Court to resolve the dispute including moving the Court for an Order modifying the designated status of such information. In the event of any dispute as to the propriety of a redaction, either party may submit the issue to the Court for resolution.

13. Notwithstanding anything to the contrary herein, if a party through inadvertence or mistake produces any Designated Information without marking it with the legend "Confidential," or designates it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the document, information, or testimony contains Designated Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked or incorrectly marked materials and not retain copies thereof, and must treat such documents, information, or transcripts as Designated Information, and shall cooperate in restoring the confidentiality of such Designated Information. The receiving party shall not be responsible for the disclosure or other distribution of belatedly-labeled Designated Information as to such disclosure or distribution that occurred prior to the receipt of such notification of a claim of confidentiality, and any such disclosure or distribution shall not be deemed to be a waiver or a violation of this Protective Order.

14. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information upon a good faith basis for challenging the privilege or protection but may not assert, as a basis for compelling production, waiver based on its inadvertent production in the first instance.

15. It is not the intention of this Protective Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, nor to preclude any party, including the producing party, from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

16. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Designated Information. The fact that Information is designated "Confidential" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

    (a) whether any particular document, information, or transcript is or is not Designated Information;

    (b) whether any particular document, information, or transcript is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

    (c) whether any particular document, information, or transcript is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

17. Within sixty (60) days following the conclusion of this litigation, all information designated as Designated Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party.

18. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

19. Nothing in this Agreement shall have any effect upon the Redaction Requirements and Exemptions listed in Fed. R. Civ. Proc. 5.2(a) and 5.2(b).

20. A party to this litigation may not withhold production of any document or any information solely on the basis that the producing party believes that it proper to designate it as "Confidential." A party may, under appropriate circumstances, seek greater protection than that afforded by this Stipulated Protective Order for documents or information deserving of same but must do so by securing a stipulation or by filing a motion for a protective order on or before the due date for production. This paragraph shall not apply to documents that are protected by legitimately applicable privileges that have been asserted by the parties in good faith.

. . .

21. The parties shall complete and produce descriptive entries on a Confidentiality Log. Each party shall keep this log cumulatively and re-produce it every time they designate something as "Confidential" so that it is a cumulative record of what that party has marked "Confidential."

| HUTCHINSON & STEFFEN LLC | LIONEL SAWYER & COLLINS |
|---|---|
| By: /s/ Joseph S. Kistler<br>Joseph S. Kistler, NBN 3458<br>Jessica S. Taylor, NBN 11193<br>Peccole Professional Park<br>10080 West Alta Drive, Suite 200<br>Las Vegas, Nevada 89145<br><br>*Attorneys for Plaintiff Well Care Pharmacy II, LLC* | By: /s/ Robert Hernquist<br>John M. Naylor, NBN 5435<br>Robert Hernquist, NBN 10616<br>1700 Bank of America Plaza<br>300 South Fourth Street<br>Las Vegas, Nevada 89101<br><br>*Attorneys for Defendants W'Care LLC, John I. Okoye and Ahunna C. Okoye* |

IT IS SO ORDERED

_____
United States Magistrate Judge
DATE: June 6, 2013

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States that:

1. My address is: _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order (the "Order") entered in Case No. 2:13-cv-00540-GMN-(NJK) pending in the United States District Court, District of Nevada (the "Court"). I agree that I will not disclose any documents or information received by me pursuant to the Order, except for purposes directly related to this litigation, as explicitly allowed by said Protective Order, and I agree to be bound by the terms and conditions of this Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing the Order. I understand that I am to retain all copies of any of the materials I receive which have been labeled as Designated Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____        _____